UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VICTORINO MENDEZ BENITEZ,

Petitioner,

v.

CHRISTOPHER J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center; et al.,

Respondents.

Case No.:  26cv2126-LL-BJW

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

[ECF No. 1]

Before the Court is Petitioner Victorino Mendez Benitez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")], alleging that he is a member of the Bond Eligible Class of *Maldonado Bautista v. Noem*, No. 25cv1873-SSS-BFM (C.D. Cal.), and "entitled to consideration for release on bond under 8 U.S.C. § 1226(a)." Pet. ¶¶ 48-53. He also claims his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 54-68. Petitioner seeks a writ of habeas corpus directing Respondents to release him or, alternatively, to provide him with a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 23.

1

Respondents filed a Response in which they acknowledge that Petitioner appears to be a member of the Bond Eligible Class. ECF No. 3 at 1. They do not oppose an order directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). *Id.* at 1–2.

Petitioner argues in the Traverse that "Respondents' concession [on the bond hearing] does not moot Petitioner's primary claim for immediate release from custody, and Petitioner respectfully contends that the Court should order his immediate release. Petitioner has been detained since October 17, 2025 (almost six months) without any meaningful opportunity to have his request for release considered by the Immigration Court." ECF No. 4 at 2. However, the Petition nor the Traverse contains any controlling authority that supports Petitioner's request for immediate release (instead of a bond hearing) given the facts of Petitioner's case.[1]

The Court finds Petitioner is wrongfully detained under 8 U.S.C. § 1225(b). As a noncitizen who, at the time of his detention, had been present in the United States for approximately thirty years, Petitioner was and is subject to 8 U.S.C. § 1226(a), which states that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Pet. ¶ 31; 8 U.S.C. § 1226(a). By contrast, 8 U.S.C § 1225(b) applies to noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25cv2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," while § 1226(a) allows the government to "detain certain aliens

---

[1] The Court is sympathetic to Petitioner's claim that he is "suffering from the emotional toll of separation from his young niece" and "nephew" "whom he was helping to raise prior to his detention and his inability to fulfill his fatherly responsibilities to them." Pet. ¶ 46. The Court is also aware that "Petitioner's I-360 VAWA petition remains pending with United States Citizenship and Immigration Services (USCIS), along with his Form I-485, Application to Register Permanent Residence or Adjust Status; Form I-765, Application for Employment Authorization; and a Form I-131, Application for Travel Document." *Id*. ¶ 38. However, Petitioner cites no authority, nor is the Court aware of any, that would entitle Petitioner to an immediate release instead of a bond hearing given these facts.

*already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem* on this issue. *Id.* at *4–7.

Accordingly, the Court **ORDERS** as follows:

1.  Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART AND DENIED IN PART** as set forth below.

2.  Petitioner's request for immediate release is **DENIED WITHOUT PREJUDICE.**

2.  Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order.

    a.  At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

    b.  The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

    c.  Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh*, 638 F.3d at 1200).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

26cv2126-LL-BJW

3. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: April 29, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv2126-LL-BJW